UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> WARDEN CHARLES GILKEY, <br><br> Respondent. | ) CV F 05-0800 AWI WMW HC <br> ) <br> ) <br> ) FINDINGS AND RECOMMENDATIONS <br> ) THAT ACTION BE DISMISSED FOR LACK <br> ) OF PROSECUTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On August 11, 2006, the court issued an order requiring Respondent to file an answer and served the order on Petitioner. On August 23, 2006, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is
> returned by the U.S. Postal Service, and if such plaintiff fails to

1

>notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since June of 2005. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).IT IS SO ORDERED.

Dated:     January 30, 2007             /s/  William M. Wunderlich
mmkd34                                  UNITED STATES MAGISTRATE JUDGE